**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BRANDON G. ADAMS, | Case No. 2:20-cv-01982-KJD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| DANIEL H. BROWN, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff Brandon G. Adams' Motion/Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1), filed on October 27, 2020.

**I.    *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1    complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
2    F.3d 1103, 1106 (9th Cir. 1995).

3          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
4    for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is
5    essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th
6    Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim
7    showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*,
8    550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands
9    "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."
10   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
11   The court must accept as true all well-pled factual allegations contained in the complaint, but the
12   same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the
13   elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.
14   Secondly, where the claims in the complaint have not crossed the line from conceivable to
15   plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se*
16   complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v.*
17   *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings
18   is required after *Twombly* and *Iqbal*).

19         In this case, Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against an attorney
20   in New Jersey, a Judge in New Jersey, a Criminal Investigator for the Las Vegas Missing
21   Children Unit, and a Judge in Nevada. To state a claim under Section 1983, a plaintiff must allege
22   that a right secured by the Constitution has been violated and the deprivation was committed by a
23   person acting under color of state law.  *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th
24   Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178,
25   1185 (9th Cir.2006).  States and state officers sued in their official capacity are not "persons" for
26   the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will*
27   *v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  However, Section 1983 does allow suits
28   against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

Plaintiff claims that dating back to October 11, 2018 through September 16, 2020 his kids were taken away from him without due process after a Court hearing in Nevada. Based on the paucity of factual allegations, the Court is unable to find that Plaintiff can state a colorable claim that invokes the Court's limited jurisdiction. It is unclear if he is challenging his family court case or the events occurring in New Jersey, but either one would not provide this Court with jurisdiction. Plaintiff will be given leave to amend and should include specific factual allegations setting forth each claim, against each defendant, in order for the Court to determine if his claims are able to survive screening.

IT IS THEREFORE ORDERED that Plaintiff's Motion/Application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint (ECF No. 1-1) on the docket, but shall not issue summons.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 2, 2020** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.   Once a plaintiff files an amended complaint, the original complaint no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: November 2, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE